UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESHAWN MAURICE HARRELL,
    Plaintiff,
v.
SAN JOSE POLICE DEPARTMENT, et al.,
    Defendants.

Case No. 23-cv-04839-JD

**ORDER RE DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff states that police officers shot him and released a police dog that attacked him for no reason. An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989); *see also Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641-42 (9th Cir. 2018) (pro se allegations that police officers "beat the crap out of" plaintiff and caused him severe injury enough to support a legally cognizable claim under § 1983). Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. *See Graham*, 490 U.S. at 394-95.

The Fourth Amendment reasonableness analysis applies to any arrest situation where force is used, whether it involves physical restraint, use of a baton, use of a gun, or use of a dog. *See Hernandez v. Town of Gilbert*, 989 F.3d 739, 744 (9th Cir. 2021) ("it's well-settled that the use of a police dog is subject to excessive force analysis"). This analysis also applies where there has not been a formal arrest, but there has been a "seizure" within the meaning of the Fourth Amendment, i.e., the suspect reasonably believes he is not free to leave. *Robinson v. Solano*, 278 F.3d 1007, 1013-14 (9th Cir. 2002) (applying reasonableness analysis to suspect detained at gunpoint, handcuffed and placed in squad car).

2

1    Plaintiff states that on November 27, 2020, he was in a fight with another person on the
2    street when San Jose Police Department officers arrived. Officers shot plaintiff and released a K9
3    police dog that bit his leg. Plaintiff is currently in custody but states that all charges were dropped
4    with respect to this incident.

5    Plaintiff did not identify a specific defendant. The complaint is dismissed with leave to
6    amend to provide more information. Plaintiff should identify the police officers involved in this
7    incident and describe their actions.

8    Plaintiff also names as defendant the individual he was fighting with, the unknown
9    bystander who called 911 and the unidentified insurance company that owns a building at the
10   location. Even if plaintiff identifies these individuals, he fails to state a claim against them under
11   42 U.S.C. § 1983, because he fails to show that these individuals were acting under the color of
12   state law.

13   He also names as defendants the unknown emergency medical technicians in the
14   ambulance who did not drive fast enough to the hospital. While it appears that these defendants
15   were acting under the color of state law, plaintiff must still describe how they violated his
16   constitutional rights in an amended complaint.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time may result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 27, 2023

JAMES DONATO
United States District Judge