1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

ESHAWN MAURICE HARRELL,

Plaintiff,

8

v.

9

SAN JOSE POLICE DEPARTMENT, et al.,

10

Defendants.

11

Case No. 23-cv-04839-JD

**ORDER REOPENING CASE AND RE SERVICE**

Re: Dkt. No. 18

12

13    Plaintiff, a former detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983.

14    The case was closed after plaintiff failed to file an amended complaint.  Plaintiff has filed an

15    amended complaint and asks to reopen the case.

16                                   **DISCUSSION**

17    **STANDARD OF REVIEW**

18    Federal courts engage in a preliminary screening of cases in which prisoners seek redress

19    from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

20    § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims

21    which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

22    monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se

23    pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

24    Cir. 1990).

25    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

26    claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed

27    factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

28    relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1    cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above

2    the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

3    omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its

4    face."  *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face"

5    standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

6    must be supported by factual allegations.  When there are well-pleaded factual allegations, a court

7    should assume their veracity and then determine whether they plausibly give rise to an entitlement

8    to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

9           To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by

10   the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

11   committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

12          **LEGAL CLAIMS**

13          Plaintiff states that police officers shot him and released a police dog that attacked him.

14   An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest

15   states a valid claim under 42 U.S.C. § 1983.  *See Rutherford v. City of Berkeley*, 780 F.2d 1444,

16   1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989); *see*

17   *also Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641-42 (9th Cir. 2018) (pro se allegations that

18   police officers "beat the crap out of" plaintiff and caused him severe injury enough to support a

19   legally cognizable claim under § 1983).  Excessive force claims which arise in the context of an

20   arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment

21   reasonableness standard.  *See Graham*, 490 U.S. at 394-95.

22          The Fourth Amendment reasonableness analysis applies to any arrest situation where force

23   is used, whether it involves physical restraint, use of a baton, use of a gun, or use of a dog.  *See*

24   *Hernandez v. Town of Gilbert*, 989 F.3d 739, 744 (9th Cir. 2021) ("it's well-settled that the use of

25   a police dog is subject to excessive force analysis").  This analysis also applies where there has not

26   been a formal arrest, but there has been a "seizure" within the meaning of the Fourth Amendment,

27   i.e., the suspect reasonably believes he is not free to leave.  *Robinson v. Solano*, 278 F.3d 1007,

28   1013-14 (9th Cir. 2002) (applying reasonableness analysis to suspect detained at gunpoint,

United States District Court
Northern District of California

1 handcuffed and placed in squad car).

2   The Fourth Amendment also requires police officers to seek medical attention for a

3 detainee who has been injured during detention. *Tatum v. City & Cty. of San Francisco*, 441 F.3d

4 1090, 1098-99 (9th Cir. 2006); *Ostling v. City of Bainbridge Island*, 872 F. Supp. 2d 1117, 1129

5 (W.D. Wash. 2012).  Courts analyze claims for failure to render post-arrest medical aid under the

6 Fourth Amendment's reasonableness standard. *Ostling*, 872 F. Supp. 2d at 1129. But "[j]ust as the

7 Fourth Amendment does not require a police officer to use the least intrusive method of arrest,

8 neither does it require an officer to provide what hindsight reveals to be the most effective medical

9 care for an arrested suspect." *Tatum*, 441 F.3d at 1098 (internal citation omitted). A police officer

10 who promptly summons medical assistance acts reasonably under the Fourth Amendment. *Id*. at

11 1099.

12   In the original complaint, plaintiff stated that on November 27, 2020, he was in a fight with

13 another person, when San Jose Police officers fficers arrived.  Officers shot plaintiff and released a

14 K9 police dog that bit his leg.  Plaintiff stated that all charges were dropped with respect to this

15 incident.  Plaintiff did not identify a specific defendant, so the complaint was dismissed with leave

16 to amend.

17   In the amended complaint, plaintiff states that Officer Markel shot him twice in the right

18 hip, even though plaintiff did not have a gun and was already injured from the fight.  Officer

19 Orlando released the K9 police dog which attacked plaintiff even though plaintiff was not posing a

20 threat.  While plaintiff was on the ground being bitten by the police dog, defendants put their

21 knees in his back.  Plaintiff also alleges that these defendants failed to promptly request medical

22 attention.  These allegations are sufficient to proceed against Markel and Orlando for claims of

23 excessive force and failing to obtaining medical care.

**CONCLUSION**

25  1. Plaintiff's request to reopen this case (Dkt. No. 18) is granted and this case is

26 reopened.

27

28

*United States District Court*
*Northern District of California*

3

1    2.    The Clerk will issue a summons and the United States Marshal will serve, without

2  prepayment of fees, copies of the amended complaint (Dkt. No. 19) with attachments and copies

3  of this order on San Jose Police Officers Jeremey Markel #4464 and Brandon Orlando #3859.

4    3.    To expedite the resolution of this case, the Court orders:

5    a.    No later than fifty-six days from the date of service, defendant will file a

6  motion for summary judgment or other dispositive motion.  The motion will be supported by

7  adequate factual documentation and will conform in all respects to Federal Rule of Civil

8  Procedure 56, and will include as exhibits all records and incident reports stemming from the

9  events at issue.  If defendant is of the opinion that this case cannot be resolved by summary

10 judgment, he will so inform the Court prior to the date his summary judgment motion is due.  All

11 papers filed with the Court will be promptly served on the plaintiff.

12    b.    At the time the dispositive motion is served, defendant will also serve, on a

13 separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-

14 954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

15 *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be

16 given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed,

17 not earlier); *Rand* at 960 (separate paper requirement).

18    c.    Plaintiff's opposition to the dispositive motion, if any, will be filed with the

19 Court and served upon defendant no later than thirty days from the date the motion was served

20 upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is

21 provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),

22 and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

23 If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust

24 his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take

25 note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided

26 to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

27    d.    If defendant wishes to file a reply brief, they will do so no later than fifteen

28 days after the opposition is served upon him.

4

1      e.      The motion will be deemed submitted as of the date the reply brief is due.

2   No hearing will be held on the motion unless the Court so orders at a later date.

3      4.      All communications by plaintiff with the Court must be served on defendant, or

4   defendant's counsel once counsel has been designated, by mailing a true copy of the document to

5   defendant or defendant's counsel.

6      5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

7   No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

8   parties may conduct discovery.

9      6.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

10  informed of any change of address by filing a separate paper with the clerk headed "Notice of

11  Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to

12  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

13  Civil Procedure 41(b).

14      **IT IS SO ORDERED.**

15  Dated: August 21, 2024

16

17  _____

18  JAMES DONATO
    United States District Judge

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

2       If defendants move for summary judgment, they are seeking to have your case dismissed.

3  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if

4  granted, end your case.

5       Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

6  Generally, summary judgment must be granted when there is no genuine issue of material fact--

7  that is, if there is no real dispute about any fact that would affect the result of your case, the party

8  who asked for summary judgment is entitled to judgment as a matter of law, which will end your

9  case.  When a party you are suing makes a motion for summary judgment that is properly

10 supported by declarations (or other sworn testimony), you cannot simply rely on what your

11 complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to

12 interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts

13 shown in the defendant's declarations and documents and show that there is a genuine issue of

14 material fact for trial.  If you do not submit your own evidence in opposition, summary judgment,

15 if appropriate, may be entered against you.  If summary judgment is granted, your case will be

16 dismissed and there will be no trial.

17

**NOTICE -- WARNING (EXHAUSTION)**

18      If defendants file a motion for summary judgment for failure to exhaust, they are seeking

19 to have your case dismissed.  If the motion is granted it will end your case.

20      You have the right to present any evidence you may have which tends to show that you did

21 exhaust your administrative remedies.  Such evidence may be in the form of declarations

22 (statements signed under penalty of perjury) or authenticated documents, that is, documents

23 accompanied by a declaration showing where they came from and why they are authentic, or other

24 sworn papers, such as answers to interrogatories or depositions.

25      If defendants file a motion for summary judgment for failure to exhaust and it is granted,

26 your case will be dismissed and there will be no trial.

27

28

6